# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| MICHAEL CHARLES JONES, | ) | |
| | ) | No. 2:07-cr-01120-DCN |
| Petitioner, | ) | No. 2:10-cv-70141-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner Michael Charles Jones's amended motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 and respondent's motion to dismiss or, in the alternative, for summary judgment. For the reasons set forth below, the court denies petitioner's § 2255 motion and grants respondent's motion for summary judgment.

## I.  BACKGROUND

On September 12, 2007, a grand jury indicted Jones on one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). Jones pled guilty on January 23, 2008. A presentence investigation report (PSR) was prepared and Jones was subsequently sentenced by this court on May 9, 2008 to 120 months imprisonment.

Jones appealed his judgment and sentence to the United States Court of Appeals for the Fourth Circuit and also filed a motion to remand that was unopposed by the government. The Fourth Circuit granted the motion to remand. On March 23, 2009, this court resentenced Jones to 96 months imprisonment. The court instructed Jones that he had ten days to appeal his sentence.

1

Following resentencing, Jones signed an appeal election form and marked the box indicating that he did not wish to appeal his sentence. After the time to appeal expired, Jones filed a motion to file an appeal out of time, which this court denied. Jones appealed his amended judgment of conviction to the Fourth Circuit, and the court dismissed his appeal as untimely. Jones then filed a motion in this court for reconsideration of the denial of his motion to file an appeal out of time. This motion was denied.

On January 15, 2010, Jones filed a timely motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. On November 21, 2011, the court granted Jones's motion to amend/correct his § 2255 petition and requested that Jones file an amended petition with all claims included. Jones thereafter filed an amended § 2255 petition on December 1, 2011. On January 24, 2012, respondent filed a motion to dismiss or, in the alternative, for summary judgment, which is presently before the court and ripe for adjudication.[1]

## II. STANDARD OF REVIEW

Jones appears pro se in this case. Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, liberal construction does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a

---

[1] In its motion, respondent included a supporting memorandum and attachments. As matter outside of the pleadings was presented that the court chooses not to exclude, the court treats respondent's motion as one for summary judgment. See Fed. R. Civ. P. 12(d).

cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255.

### III.  DISCUSSION

Jones raises four grounds for relief in his amended § 2255 petition. He argues that he was denied effective assistance of counsel because his attorney failed to timely appeal his resentence, failed to object to the court's application of U.S.S.G. §§ 2K2.1(b)(6) and 3C1.2 at resentencing, and failed to challenge the number of criminal history points assessed by the court at resentencing. Jones also argues that this court improperly enhanced his base offense level by relying on an unconstitutional statutory predicate offense.

**A.  Procedural Default**

As an initial matter, the government contends that Jones's first two arguments regarding ineffective assistance of counsel are procedurally defaulted because they were

raised on direct appeal and a petitioner may not re-litigate issues raised on direct appeal in a § 2255 motion. A review of the Fourth Circuit's ruling shows that while Jones did raise his first two arguments listed above to the Fourth Circuit, see Gov't's Resp. Ex. B, the Fourth Circuit only decided that Jones's appeal was untimely and did not address the merits of his claims. United States v. Jones, No. 09-4501, 2009 WL 3359202 (4th Cir. Oct. 15, 2009). "[C]laims which were raised *and decided* on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." Davis v. United States, 673 F.3d 849, 852 (8th Cir. 2012) (emphasis added) (internal quotation marks omitted); see also United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004). Because the Fourth Circuit did not decide the issues raised by Jones, the government's argument fails. Therefore, the court proceeds to the merits of the § 2255 motion and considers whether summary judgment should be granted.

### B. Respondent's Motion for Summary Judgment

A district court's resolution of a prisoner's § 2255 petition proceeds in two steps. First, "the district court must determine whether the prisoner has met his burden of showing that his sentence is unlawful on one of the specified grounds" listed in § 2255(a). United States v. Pettiford, 612 F.3d 270, 277 (4th Cir. 2010). Second, "if the prisoner's sentence is found unlawful on one of these grounds, the district court should grant the prisoner an 'appropriate' remedy, which includes discharge, resentencing, or a new trial." Id.

Three of Jones's claims are based on ineffective assistance of counsel in violation of the Sixth Amendment. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating claims for ineffective

4

assistance of counsel. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 687. Second, the petitioner must show that this deficiency prejudiced the defense. Id. at 694.

### 1. Ineffective Assistance of Counsel for Failure to File a Timely Notice of Appeal

Jones argues that his counsel was ineffective for not appealing his resentence within ten days of entry of judgment. This court has previously addressed Jones's argument not once, but twice, and found it unmeritorious both times. See Dkt. Nos. 74, 113. The court again finds that Jones executed an appeal election form and checked the box indicating that he did not wish to file an appeal. Jones's attorney has submitted a sworn declaration in which she states that Jones signed and dated the form himself. See Gov't's Mot. Summ. J. Ex. A ¶ 3. The attorney also notes that had she been requested to file an appeal, she would have been required to file an Anders brief stating that there were no legitimate grounds for appeal. Id. Based on this evidence, and for the reasons outlined in the court's prior orders on this issue, the court finds that Jones's counsel's representation was reasonable and not ineffective.

### 2. Ineffective Assistance of Counsel for Failing to Object to Application of the United States Sentencing Guidelines

Next, Jones argues that his counsel was ineffective by not objecting to the court's application of U.S.S.G. §§ 2K2.1(b)(6) and 3C1.2 at resentencing.

First, Section 2K2.1(b)(6)(B) adds four levels to a defendant's base offense level under the Federal Sentencing Guidelines where the defendant "used or possessed any firearm or ammunition in connection with another felony offense." To apply the sentence enhancement, the district court must find by a preponderance of the evidence that a firearm was used or possessed and that such use or possession was "in connection with

5

another felony offense." United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001). Jones admits that he possessed a firearm during the incident on May 17, 2007; thus, the only question is whether he used it "in connection with another felony offense." Application Note 14(C) to U.S.S.G. § 2K2.1 defines "another felony offense" for purposes of § 2K2.1(b)(6)(B) as "any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."

The PSR and reports referenced therein show that on March 17, 2007, Jones had been fighting with his girlfriend. He drove around looking for her and when he pulled up beside a vehicle that contained his girlfriend, their three year old daughter, and others, he approached the vehicle waving and pointing a handgun and demanding that his girlfriend leave with him. Jones grabbed his daughter and placed her in his vehicle without a car seat, and then ordered his friend to pursue his girlfriend as she drove away. After being dispatched to the scene, officers pursued Jones, but the driver of the car carrying Jones evaded authorities and Jones threw a loaded handgun from the vehicle. Jones and the driver then fled on foot while leaving Jones's daughter in the car until it rolled to a stop.

The PSR referred to Jones's conduct on March 17, 2007 as constituting "aggravated assault." South Carolina common law divides assault and battery into three categories: simple assault and battery, assault and battery of a high and aggravated nature (ABHAN), and assault and battery with intent to kill. Jones argues that his conduct was most akin to simple assault and battery, which only carries a maximum penalty of 30 days in jail (or a term not to exceed one year, if the offense was committed

with a deadly weapon). The government responds that Jones possessed the firearm in connection with ABHAN, and because sentences for ABHAN can amount up to ten years, the offense satisfies § 2K2.1(b)(6)(B).

The facts surrounding Jones's arrest do not clearly show that Jones used or possessed a firearm in connection with ABHAN. Under South Carolina law, ABHAN is defined as the "unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation," including "the use of a deadly weapon." State v. Fennell, 531 S.E.2d 512, 516 (S.C. 2000).[2] While an "assault with a pistol is one of an aggravated nature," S.C. Jur. Assault & Battery § 13 (2012), battery is still an essential element of ABHAN, State v. Murphy, 471 S.E.2d 739, 741 (S.C. Ct. App. 1996), and Jones argues he did not inflict any bodily injury. Jones's conduct does more closely resemble ABHAN than simple assault and battery, because simple assault and battery is "unaccompanied by any circumstances of aggravation." State v. Tyndall, 518 S.E.2d 278, 285 (S.C. Ct. App. 1999). But even if, at resentencing, it was questionable whether the facts surrounding Jones's arrest satisfied the elements of ABHAN such that Jones's counsel had a rational basis to object to the application of §2K2.1(b)(6), it is not clear that Jones's counsel made an "error[] so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

---

[2] In 2010, after Jones was resentenced, the South Carolina General Assembly codified offenses involving assault and battery. See S.C. Code Ann. § 16-3-600. Jones appears to rely on § 16-3-600 in his § 2255 petition. The court does not consider these definitions here because it must judge Jones's counsel's conduct at resentencing based on the law as it existed at that time. Strickland, 466 U.S. at 690 ("[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.").

More importantly, even if counsel should have objected on the basis that ABHAN could not be considered the "[]other felony offense," an "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. Jones obviously committed "another felony offense" by pointing his firearm at the occupants of the car he approached. See S.C. Code Ann. § 16-23-410 ("It is unlawful for a person to present or point at another person a loaded or unloaded firearm."). Such an offense subjects the offender to a felony and possible imprisonment of up to five years. Id. Because he pointed a firearm at others, it was proper to include the sentencing enhancement for commission of "another felony offense."[3] Either it was not unreasonable for Jones's counsel to refrain from objecting to the application of § 2K2.1(b)(6), or any deficiency in counsel's performance was not prejudicial to the defense. Therefore, the court finds in favor of the government on this ground for relief.[4]

---

[3] Jones argues that pointing the firearm cannot be considered "another felony offense" because the act of pointing the firearm required possession of the firearm, and Application Note 14(C) to U.S.S.G. § 2K2.1 excludes from the definition of "another felony offense," "any . . . offense . . . *other* than the . . . firearms possession." U.S.S.G. § 2K2.1 App. Note 14(C) (emphasis added). However, these two acts are not one-in-the-same. In defining what is considered "another felony offense," the Application Note only "excludes from the definition of 'another felony offense' . . . *the* possession . . . offense that serves as the basis for the defendant's conviction." United States v. Juarez, 626 F.3d 236, 255 (5th Cir. 2010) (emphasis added). In other words, Jones could have simply possessed the firearm without committing another crime; instead, he pointed the weapon at others, which is a felony offense under South Carolina law. See United States v. Marrufo, 661 F.3d 1204, 1208 (10th Cir. 2011); see also United States v. Shackelford, 462 F.3d 794, 795 (8th Cir. 2006) (affirming district court's imposition of enhancement for using or possessing a firearm in connection with another felony, namely, threatening another person with a firearm); United States v. King, 341 F.3d 503, 506 (6th Cir. 2003) (noting that the defendant "first *possessed* the gun (offense of conviction) and then *used* the gun (enhancement conduct)" by pointing it).

[4] Jones does not appear to argue that the firearm was not possessed "in connection with" another felony offense; at any rate, the court would find that it was so possessed because it had a "'tendency to facilitate'" the offense pointing a weapon at other persons. United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003) (quoting United States v. Garnett, 243 F.3d 824, 828 (4th Cir.

8

Second, Jones asserts that his counsel was ineffective for failing to object to application of U.S.S.G. § 3C1.2 for reckless endangerment during flight. Section 3C1.2 adds two levels to a defendant's base offense level under the Federal Sentencing Guidelines where the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Because he was a passenger rather than the driver in the vehicle that was pulled over by police, Jones contends that the sentencing enhancement was inapplicable.

Application Note 2 to § 3C1.2 adopts the definition of "reckless" in Application Note 1 to U.S.S.G. § 2A1.4, that is, that the defendant "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4 App. Note 1.

Again, the PSR and reports relied upon state that Jones, while carrying a gun, pulled his three year old daughter from a vehicle and placed her in the car he was driving, without proper restraints. Jones then ordered his friend to drive the car and follow his girlfriend. Although police were dispatched and tried to conduct a traffic stop, the driver sped up to a high rate of speed, ran a stop sign, and slowed in the roadway, during which Jones threw a loaded gun from the vehicle. The driver and Jones then jumped out of the vehicle while it was still rolling, leaving Jones's daughter behind. Abandoning an unrestrained three year old child in the back seat of a moving vehicle is the definition of reckless. In addition, Jones threw down a loaded gun, which created a risk that the gun would discharge and injure pursuing officers or the public. See United States v.

---

2001)). Thus, it would not have been unreasonable for counsel to refrain from objecting on this ground.

Jefferson, No. 02-4396, 2003 WL 122585, at *2 (4th Cir. Jan. 15, 2003) ("[H]ad the officers not found the gun, it would have constituted a substantial risk of injury to the community."). The standard of care envisioned by the Guidelines "is that of the reasonable person, not the reasonable fleeing criminal suspect," United States v. Conley, 131 F.3d 1387, 1389 (10th Cir. 1997), and Jones's actions before, during, and after the flight constituted a gross deviation from the standard of care. See U.S.S.G. § 3C1.2 App. Note 3 (providing that "during flight" should be "construed broadly" and "includes preparation for flight").

Although Jones was not driving the fleeing vehicle, Application Note 5 to § 3C1.2 provides that a defendant is responsible for conduct that he "aided or abetted, counseled, commanded, induced, procured, or willfully caused." "[S]ome form of direct or active participation" on the part of the defendant is necessary for § 3C1.2 to apply when the reckless flight is the result of another person's action. United States v. Chong, 285 F.3d 343, 346 (4th Cir. 2002). Here, Jones admits that he told the driver to follow his girlfriend after he approached his girlfriend's vehicle and carried away his daughter. The driver provided a voluntary statement to police that Jones "told [him] to follow his girlfriend out," while Jones "was yelling at his girlfriend at the red light." Gov't's Mot. Summ. J. Ex. 5. When they pulled onto the highway, Jones told the driver to "mash on it" and the driver sped up. Id. These statements show that Jones controlled the driver's behavior during the getaway. Moreover, "relevant to the determination of whether a defendant procured or encouraged reckless behavior of another is evidence of the defendant's conduct prior to the act," and prior to the flight, Jones approached a vehicle

full of occupants while waiving a gun and demanding that they get out of their car. Conley, 131 F.3d at 1391.

These and other facts demonstrate that application of the § 3C1.2 enhancement was proper, and Jones's argument that his counsel was unreasonable for not objecting is without merit.

### 3. Ineffective Assistance of Counsel for Failing to Object to the Court's Assessment of Criminal History Points

Petitioner asserts he was denied effective assistance of counsel based on his attorney's failure to object to the court's application of U.S.S.G. § 4A1.1(b) at resentencing, assessing two points each for three separate driving offenses committed by Jones. Under the Sentencing Guidelines, "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2). The PSR shows that Jones was arrested for driving offenses on May 10, 2001, July 18, 2001, and August 11, 2001. These were clearly separate arrests, so even though they were consolidated for sentencing, they are not related offenses. It is only when no intervening arrest occurs and the sentences result from offenses contained in the same charging instrument or the sentences are imposed on the same day that the sentences are counted together as a single offense. U.S.S.G. § 4A1.2(a)(2). Therefore, it was not unreasonable for Jones's counsel to refrain from objecting to the calculation of Jones's criminal history points.

### 4. Improper Enhancement of Base Offense Level Based on Unconstitutional Predicate Offense

Finally, Jones argues that he received an improper enhancement of his base offense level based on a statutory predicate offense that has since been found

11

unconstitutional. Jones contends that his sentence should not be enhanced because the underlying statute of conviction, Florida Statute § 893.13, was held facially unconstitutional by a federal district court in Florida. See Shelton v. Sec'y, Dep't of Corrs., No. 07-839, 2011 WL 3236040 (M.D. Fla. July 27, 2011). However, another district court has since held that the statute is constitutional. See United States v. Bunton, No. 10-327, 2011 WL 5080307 (M.D. Fla. Oct. 26, 2011). In addition, it is well established that a prisoner must first attack an underlying conviction in state court and have the judgment vacated before seeking relief from a sentencing enhancement in federal court. Daniels v. United States, 532 U.S. 375, 381-82 (2001); Pettiford, 612 F.3d at 276. For these reasons, the court grants summary judgment in favor of respondent on this ground to vacate or amend the sentence.

## IV. ADDITIONAL MOTION

Jones has also filed a motion to dismiss the government's response to his § 2255 motion as untimely. The docket reflects that the government's response was filed on January 24, 2012, the date it was due. See Fed. R. Civ. P 6(a)(1)(C). Therefore, the court denies this motion.

## V. CONCLUSION

Based on the foregoing, the court **GRANTS** respondent's motion for summary judgment, **DENIES** petitioner's amended § 2255 petition, and **DENIES** petitioner's motion to dismiss the government's response to his § 2255 motion. Having ruled on petitioner's amended § 2255 motion, the court **FINDS AS MOOT** petitioner's original § 2255 motion and the government's corresponding motion to dismiss.

The court also **DENIES** issuing a certificate of appealability because Jones has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**August 24, 2012
Charleston, South Carolina**